**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MARY ALICE LEE, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
| v. | ]    **2:13-cv-373-KOB** |
| | ] |
| AIRWALK ALABAMA, LLC | ] |
| | ] |
|     Defendant. | ] |
| | ] |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Airwalk Alabama, LLC's "Motion to Dismiss." (Doc. 10). Airwalk argues that the court lacks subject matter jurisdiction over the action. In this personal injury action, Mrs. Lee alleges that she shattered both of her legs while jumping on a trampoline owned and operated by Airwalk. Mrs. Lee argues that this court has diversity jurisdiction because she is a citizen of Alabama, and none of Airwalk's members are citizens of Alabama. (Doc. 1). The parties have completed limited discovery on the issue of Airwalk's citizenship pursuant to this court's order and supplemented the record with briefs and exhibits documenting the results of such discovery. (Doc. 18). For the following reasons, the court finds that it lacks subject matter jurisdiction and will GRANT Airwalk's Motion to Dismiss and DISMISS the action WITH PREJUDICE.

I.    PROCEDURAL HISTORY

On February 25, 2013, Mrs. Lee filed a three count Complaint in this court stating that she is a citizen of Alabama and that Airwalk is a limited liability company organized under the laws of Alabama and that its "sole" member, Case Lawrence, is a citizen of Utah. (Doc. 1). Mrs.

Lee alleged that this court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *Id.*

On April 18, 2013, Airwalk filed a motion to dismiss the action for lack of subject matter jurisdiction arguing that complete diversity between the parties does not exist. Airwalk contends that it is an Alabama limited liability company with members that include another limited liability company, Rocky Mtn Connections, LLC, and that Rocky Mtn Connections, LLC is a Nevada company whose members, Allen and Dana Asay, live and work in Shelby County, Alabama. (Doc. 10).

The court ordered Mrs. Lee to show cause in writing by May 10, 2013, why the court should not grant Airwalk's motion to dismiss. (Doc. 11).  Mrs. Lee responded to the order to show cause on May 7, 2013, and requested that the court allow her to conduct limited discovery on the issue of the citizenship of the two members of Rocky Mtn Connections, LLC. (Doc. 12). On May 9, 2013, Airwalk filed an objection to Mrs. Lee's request for limited discovery and requested it be able to submit a reply with evidence on the diversity issue. (Doc. 13).

After efforts to resolve the issue failed, on May 29, 2013, this court granted the parties leave to conduct limited discovery on the issue of the domicile or citizenship of Airwalk. (Doc. 18). Mrs. Lee's counsel took the deposition of Mr. Asay on June 14, 2013. (Doc. 19-3). Even after the deposition, the parties could not resolve the issue, and, pursuant to this court's order, timely filed supplemental briefs supporting their respective positions on July 15, 2013. (Docs. 19, 20).

II.    FACTS

The parties do not dispute that Plaintiff Mrs. Lee is a citizen of Alabama. The issue in this case revolves around the citizenship of Defendant Airwalk. Airwalk is a limited liability company that owns and operates a trampoline arena in Birmingham, Alabama. Airwalk is comprised of five individual members and one other limited liability company, Rocky Mtn Connections, LLC. (Doc. 19-1, at 17). The parties agree that the individual members of Airwalk are not citizens of Alabama. At issue is the citizenship of Rocky Mtn Connections, LLC.

Rocky Mtn Connections, LLC is a Nevada limited liability company, and Allen and Dana Asay are the managers of Rocky Mtn Connections. (Doc. 19-3, at 46). The Asays are also members of Rocky Mtn Connections, and Mr. Asay testified that he "believes" some of his children are also members. (Doc. 19-3, at 46). The parties agree that the children's citizenship is not at issue because they are not citizens of Alabama. *Id.* at 11, 45. The true issue in this case, then, is the citizenship of Allen and Dana Asay.

Mr. Asay testified that Rocky Mtn Connections, LLC entered into an agreement with Airwalk in October 2012 to be the sole onsite managers of an Airwalk franchise in Birmingham, Alabama. A pre-condition of the Asays' employment with Airwalk was to move to Alabama. (Doc. 19-3 at 20, 47, 94, 95). Mr. Asay testified that he and Mrs. Asay officially moved from Albuquerque, New Mexico, to Birmingham, Alabama, after living in New Mexico for seven years. (Doc. 19-3 at 33). On November 7, 2012, the Asays signed a lease for an apartment at 2800 Riverview Road, Apartment 415, Birmingham, Alabama. (Doc. 19-4 at 10).

Mr. and Mrs. Asay listed their home in New Mexico for sale on January 26, 2013. (Doc. 19-4 at 29). Mr. Asay testified that his home in New Mexico currently does not have any of his

3

furniture in it and that he does not have any furniture in storage units in New Mexico or any other

state, excluding Alabama. (Doc. 19-3 at 40-41). Mr. Asay testified that he receives his mail at his

Alabama address, including bills for his New Mexico home. *Id.* at 96, 108. Mr. Asay also

testified that although he and Mrs. Asay's cell phone numbers begin with a New Mexico area

code, their residential phone number in New Mexico had been disconnected, and they have had a

listed residential phone number with an Alabama area code since November 2012. *Id.* at 50, 97.

Mr. Asay testified that since moving to Alabama he has opened a separate bank account

and joined the local Better Business Bureau. *Id.* at 51, 52. When asked why Mr. Asay waited

until May 2013 to register to vote in Alabama, obtain an Alabama driver's license, and register

his vehicles in Alabama, Mr. Asay testified that he did not have time to do so sooner, and that his

New Mexico vehicle registration expired in April of 2013 so he did not investigate what he

needed to do to have the title transferred from New Mexico to Alabama until then. *Id.* at 71, 91.

Mrs. Lee's counsel questioned Mr. Asay regarding his LinkedIn social media account and

whether he knew where the account indicated he currently lived. Mr. Asay stated that he did not

and further testified that he formed the account "years ago," that it had not been updated to

reflect his current location, and that he had even "tried to stop it." *Id.* at 58, 98.

Mr. Asay testified that when he moved to Alabama in November 2012 he did so with the

intent to live here indefinitely and that at the time Mrs. Lee filed her Complaint against Airwalk,

in February 2013, he did not have plans to move back to New Mexico or to any other state. *Id.* at

90, 95, 97.

III.   LEGAL DISCUSSION

 Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." The court "must have

at least one of three types of subject matter jurisdiction to entertain a cause of action: (1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron*

*Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Diversity jurisdiction requires (1) complete diversity of citizenship between the parties

and (2) an amount in controversy that exceeds the sum or value of $75,000, exclusive of interests

and costs. 28 U.S.C. § 1332. The citizenship of unincorporated entities depends on the

citizenship of each member composing the organization, and, for diversity purposes, an

unincorporated entity, such as an LLC, is a citizen of each state of which a member of the entity

is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). In this case, only the

citizenship of Airwalk member Rocky Mtn Connections is at issue because no claim exists that

any other Airwalk members are Alabama citizens. Rocky Mtn Connections's citizenship turns on

the citizenship of its members, Allen and Dana Asay.

Further, citizenship is equivalent to domicile for purposes of diversity jurisdiction.

*McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A person's domicile is "the place

of his true, fixed, and permanent home and principal establishment, and to which he has the

intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular Parners*, 412

F.3d 1247, 1249 (11th Cir. 2005)(citations omitted). "Determination of a party's domicile

requires a 'totality of the circumstances' approach weighing a constellation of objective facts, no

single one of which is entitled to controlling weight." *Slate v. Shell Oil Co.*, 444 F. Supp. 2d

1210, 1215 (S.D. Ala. 2006).

Among the objective facts that point to whether an individual has established a domicile include: location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local, professional, civic, religious, or social organizations. In addition to these objective criteria, the domicile inquiry also considers a party's subjective statements of intent, though they are not dispositive. *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226-1227 (M.D. Ala. 2003).

Once an individual establishes a domicile, it can change only upon a concurrent showing of both (1) physical presence at the new location with (2) an intention to remain there indefinitely. *McCormick*, 293 F.3d at 1258. Mrs. Lee has the burden of demonstrating that diversity exists by a preponderance of the evidence because she is the party seeking federal jurisdiction. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011). The jurisdictional facts pertaining to where the members of Airwalk are domiciled must be judged as of February 25, 2013, the date Mrs. Lee filed her Complaint. *See Slate*, 444 F. Supp. 2d at 1210.

The critical jurisdictional question before the court is whether Mrs. Lee can overcome the presumption that Mr. and Mrs. Asay are domiciled in Alabama because their residence was in Alabama as of February 25, 2013, and a party's place of residence is *prima facie* evidence of his or her domicile. *Id*. at 1215 n.9. Based on a careful review of the parties' supplemental filings, the court finds that Mr. and Mrs. Asay have changed their domicile from New Mexico to Alabama as of February 25, 2013.

6

Mrs. Lee maintains that because Mr. and Mrs. Asay waited until after she filed suit to register their vehicles, register to vote, and obtain drivers' licenses in Alabama they are not domiciled in the state. Mrs. Lee also argues Mr. and Mrs. Asay are domiciled in New Mexico rather than Alabama because they are living in a leased apartment, they own no residential property in Alabama, they maintain New Mexico cell phone numbers, and they own residential property in New Mexico. (Doc. 19 at 17, 20).

However, as of February 2013, Mr. and Mrs. Asay lived in Alabama, and Mr. Asay testified that he and his wife intend to remain here indefinitely. (Doc. 19-3 at 95). Moreover, Mr. and Mrs. Asay's actions are consistent with Mr. Asay's testimony of intent. When Mrs. Lee filed suit, Mr. and Mrs. Asay had already left their home in New Mexico, placed it on the market, removed their household furnishings, and committed to being the sole onsite managers of a new business venture in Alabama. They received their mail at their Alabama apartment, kept their vehicles in Alabama, set up and paid for utilities in Alabama, and maintained a listed residential phone number in Alabama.

Mrs. Lee argues that *Hendry v. Masonite Corp*. is similar to this case. 455 F.2d 955 (5th Cir. 1972).  In *Hendry*, the defendant relocated from Mississippi to Illinois and moved into an Illinois apartment before being served in the case. *Id.* at 955. The court held that the defendant was not domiciled in Illinois because the only home he owned was in Mississippi, all of his household furnishings were in Mississippi, his family still lived in Mississippi, and he still voted in Mississippi. *Id.* at 956. Although Mr. and Mrs. Asay, like the defendant in *Hendry*, were registered to vote in New Mexico in February 2013, all other evidence illustrates that New Mexico is no longer their principal residence. The Asays demonstrated they had no intent to

7

return to New Mexico because they placed their home on the market, they left none of their

household furnishings in New Mexico, and none of their children still live in New Mexico. Thus,

the *Hendry* case is distinguishable from this one.

Mrs. Lee also relies on *Combs v. T.J. Samson Community Hosp.*, 2006 U.S. Dist. LEXIS

47526 (W.D. Ky. July 7, 2006). In *Combs*, the plaintiff, who had been a Kentucky citizen,

married a woman from Florida and took up a residence in Florida. The plaintiff maintained a

Kentucky mailing address, a Kentucky bank account, a Kentucky driver's license, a Kentucky-

registered vehicle, a Kentucky voter registration, and Kentucky real property. The court rejected

the plaintiff's contention that he had changed his domicile to Florida when he married his wife

and ruled he was domiciled in Kentucky.

In contrast, although at the time of the filing of Mrs. Lee's Complaint, Mr. and Mrs. Asay

had New Mexico vehicle registration, voter registration, and driver's licenses, they received their

mail in Alabama, opened a separate bank account upon moving to Alabama, paid utilities in

Alabama, operated a business in Alabama, and listed their New Mexico real property for sale.

Therefore, under a totality of circumstances approach, the traditional indicators of domicile

suggest that Mr. and Mrs. Asay had changed their domiciles from New Mexico to Alabama at the

time Mrs. Lee filed her Complaint.

Finally, Mrs. Lee relies on *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp.

2d 1220 (M.D. Ala. 2003). In *Audi*, the defendant, an Alabama citizen, accepted employment in

Florida and moved in with his parents in that state. The defendant did not pay rent or utilities at

his parents' home in Florida, his wife remained in Alabama, his furniture and household goods

remained with his wife in their Alabama apartment, and he did not sign a lease for a new

8

residence in Florida. The defendant's vehicle was registered in Alabama, he had an Alabama

driver's license, he had an Alabama cell phone number, and his mail continued to be delivered to

his Alabama address. The defendant did not initiate any steps to change these objective indicia.

The *Audi* court concluded that the defendant was, for purposes of diversity jurisdiction, still

domiciled in Alabama. *Id*. at 1228.

In contrast, in this case, the Asays paid rent and utilities in Alabama, had signed a lease

for a new residence in Alabama, had a residential Alabama phone number, were together

working in Alabama, and had placed their New Mexico home on the market. Thus, *Audi*, is

inapposite to the court's analysis in this case. From *Audi,* this court is reminded that "no single

factor is conclusive; instead, a 'totality of evidence' approach is necessary." *Id*. at 1227.

This court finds that as of February 25, 2013, Mr. and Mrs. Asay were domiciled in

Alabama because of their undisputed joint physical presence in Alabama and evidence of their

intent to remain in Alabama indefinitely. Mr. and Mrs. Asay's home and principal establishment

was in an Alabama apartment where they paid utilities, maintained a residential phone number,

and received their mail. Further, they had listed their unfurnished home in New Mexico for sale

and  had entered into an operating agreement where they were the sole onsite managers of a new

company located and operated in Alabama.

IV.   CONCLUSION

When viewed under a totality of circumstances approach, this court finds that Mr. and

Mrs. Asay were domiciled in Alabama at the time Mrs. Lee filed her Complaint. Because its

individual  members were domiciled in Alabama, Rocky Mtn Connections and thus Defendant

Airwalk were also citizens of Alabama at the time Mrs. Lee filed her Complaint. Because Mrs.

Lee is also a citizen of Alabama, complete diversity of citizenship does not exist between the parties to this action, and this court lacks diversity jurisdiction over this action. 28 U.S.C. § 1332. Because the court does not have federal question jurisdiction over this action, the court lacks subject matter jurisdiction and must GRANT Airwalk's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and DISMISS Mrs. Lee's Complaint WITH PREJUDICE. The court will enter an order simultaneously to that effect.

      DONE and ORDERED this 19th day of August, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE